```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION


NAVIX IMAGING, INC.,

              Plaintiff,

vs.                                Case No. 2:05-cv-469-FtM-29SPC

LEXINGTON INSURANCE COMPANY,

              Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Lexington Insurance Company's Motion to Dismiss Complaint (Doc. #4-1), filed on October 6, 2005. Plaintiff filed its Response and Memorandum of Law in Opposition and Request for Oral Argument (Doc. #26) on December 5, 2005.

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). The Court must limit its consideration to well-pleaded factual allegations, documents

central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiffs' complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).

**II.**

The facts set forth in the Complaint (Doc. #2), which are accepted as correct at this stage of the proceedings, are as follows: Navix Imaging, Inc. ("Navix") is a Florida corporation with four centers in Southwest Florida: Punta Gorda, Port Charlotte, Murdock and Kissimmee. Each of these centers house millions of dollars' worth of medical imaging equipment. Navix purchased from Lexington Insurance Company ("Lexington"), an "all-

risk" commercial property insurance policy ("the Policy") covering from May 1, 2004 through May 1, 2005 for these properties. The Policy's coverage includes damage caused by hurricanes and loss of business income, including extra expenses incurred due to business interruption caused by hurricanes. The 2004 Hurricanes, Charlie and Jeanne, caused extensive damage to the property covered by the Policy resulting in a loss of a significant amount of business income, including extra expenses as a result of business interruption. Navix asserts that it has paid all applicable premiums and complied with all conditions precedent to coverage under the Policy but, Lexington failed to complete its investigation into Navix's claims and failed to tender all the insurance monies due.

Navix filed a two-Count Complaint (Doc. #2-1) on October 3, 2005, asserting claims for breach of contract and bad faith. Lexington argues that the Complaint should be dismissed because (1) as to the claim for breach of contract, Navix failed to comply with Policy conditions precedent to coverage, and (2) the claim for bad faith is premature as a matter of law. (Doc. #4-1.)

**III.**

**A. Breach of contract**

Lexington argues that Navix failed to meet its post-loss obligations under the Policy, and therefore has not complied with conditions precedent. In support, Lexington attached 72 pages of

exhibits including an Examination Under Oath of Miles Gilman, and letters of correspondence regarding the subject claims. The Court will not consider any material but well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta, 358 F.3d at 845. The documents submitted by Lexington do not qualify as material the Court may consider on a motion to dismiss.

The Court finds that the Complaint adequately alleges that plaintiff complied with all conditions precedent to the lawsuit. Paragraph 5 of the Complaint states,

> Plaintiff Navix has performed all conditions precedent to recover under the subject insurance policy and to bring the instant action (e.g., submitting sworn proofs of loss, submitting to an examination under oath, allowing inspections of the property, producing documents and the like) and/or all conditions precedent to the institution of this action and to obtain relief sought herein have been waived or otherwise excused by Defendant's action or inactions.

(Doc. #2-1, p. 2.)  Additionally, paragraph 17 states: "At all times material hereto, Navix has paid all applicable premiums and complied with all conditions precedent to coverage under the Policy." (Doc. #2-1, p. 4.)  This is sufficient under Fed. R. Civ. P. 9(c).

**B.   Breach of Florida Statute §624.155**

Navix asserts that is has made repeated requests that "Lexington adjust and pay the subject claims for losses and damages caused by the Hurricanes and submit to appraisal," and in response Lexington has refused an appraisal, made overly

burdensome information requests, and employed a process of adjustment so unfair to Navix that it amounts to a failure to adjust and pay the claims in good faith, as required by the Policy and FLA. STAT. § 624.155(1)(b)(1).  (Doc. #2-1, p. 7.)  Section 624.155(1)(b)(1) of the Florida Statutes provides as follows:

> (1) Any person may bring a civil action against an insurer when such person is damaged:
>
> . . .
>
> (b) By the commission of any of the following acts by the insurer:
>
> 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. . . . .

FLA. STAT. § 624.155(1)(b)(1).  Plaintiff also alleges a cause of action under FLA. STAT. §626.9541(1)(i).

Plaintiffs agree with defendant that a cause of action for bad faith has not yet accrued.  <u>Blanchard v. State Farm Mut. Ins. Co.</u>, 575 So. 2d 1289, 1291 (Fla. 1991).  Rather than dismiss, however, plaintiffs ask the Court to abate the Count II proceedings while the breach of contract claim continues.  Either dismissal without prejudice or abatement are the preferred procedural remedies.  <u>Hartford Ins. Co. v. Mainstream Constr. Group</u>, 864 So. 2d 1270, 1272 n.1 (Fla. 5th DCA 2004).  The Court will exercise its discretion and dismiss Count II without prejudice.

Accordingly, it is now

**ORDERED:**

1. Lexington Insurance Company's Motion to Dismiss Complaint (Doc. #4-1) is **granted in part and denied in part**. The motion is denied as to Count I and granted as to Count II without prejudice.

2. Plaintiff's Request for Oral Argument (Doc. #26) is **denied**.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record