```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

NAVIX IMAGING, INC.,

           Plaintiff,

vs.                                    Case No.  2:05-cv-469-FtM-29SPC

LEXINGTON INSURANCE COMPANY,

           Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Lexington Insurance Company's Motion for Final Summary Judgment (Doc. #46-1) filed on May 1, 2006.  Plaintiff filed its Response and Memorandum of Law in Opposition and Request for Oral Argument (Doc. #26) on December 5, 2006.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or

affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

Navix Imaging, Inc. ("Navix") is a Florida corporation with four centers in Southwest Florida: Punta Gorda, Port Charlotte, Murdock and Kissimmee. Each of these centers house millions of dollars' worth of medical imaging equipment. Navix purchased an "all-risk" commercial property insurance policy ("the Policy") covering from May 1, 2004 through May 1, 2005, from Lexington Insurance Company ("Lexington") for these properties. Navix claims that its property suffered extensive hurricane damage in 2004, which Lexington has improperly failed to cover under the Policy.

Navix filed a two-Count Complaint (Doc. #2-1) for breach of contract and bad faith, and the bad faith claim was previously dismissed.

The Court's review of the record clearly establishes that there are numerous material issues of disputed facts in this case. These include, but are not limited to: (1) whether evaluations were done on the medical equipment at issue; (2) what the outcomes of said tests were; (3) how and to what extent the medical equipment was damaged; and (4) what information Navix provided to Lexington.

Accordingly, it is now

**ORDERED**:

Lexington Insurance Company's Motion for Final Summary Judgment (Doc. #46-1) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of December, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record