```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

NAVIX IMAGING, INC., a Florida corporation,

                Plaintiff,

vs.                             Case No. 2:05-cv-469-FtM-29SPC

LEXINGTON INSURANCE COMPANY, a Delaware corporation,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Exclude Defendant's Expert Dennis Deatrick (Doc. #47), filed on May 1, 2006. Defendant's Response (Doc. #54) was filed on May 12, 2006.

**I.**

The legal principles governing the admissibility of expert testimony are well settled. Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the case.

In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999) and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) the

Supreme Court held that the trial court had a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(*en banc*).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at tissue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. V. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir. 2004). See also United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001). "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1261 (11th Cir. 2004). See also McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook *ex rel.* Tessler v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n.7 (11th Cir. 2005).

The second requirement, discrete and independent from the witness's qualifications, is reliability. Frazier, 387 F.3d at 1261. While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case, the district court must evaluate the reliability of the testimony before allowing its admission at trial. Id. at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the

probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming.  Id. at 1263.  Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.  Cook, 402 F.3d at 1112-13 n.8.

**II.**

Plaintiff seeks to exclude the testimony of defendant's expert Dennis Deatrick (Deatrick).  According to defendant, Deatrick will testify concerning the condition, operational reliability and operational safety of the medical equipment, including the general operation of the equipment, the quality of the work product from the equipment, and the operational reliability and safety of the equipment.  (Doc. #54, pp. 3-4.)  The Court finds that defendant has sufficiently established that Deatrick satisfies all the foundational requirements required of an expert.  The weight to be given his testimony will be for the jury.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Exclude Defendant's Expert Dennis Deatrick (Doc. #47) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of December, 2006.

JOHN E. STEELE
United States District Judge